NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000724
19-APR-2017
08:41 AM

NO. CAAP-16-0000724

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EY, Plaintiff-Appellee, v.
DY, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 07-1-0098)

ORDER GRANTING FEBRUARY 23, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee EY's (EY) February 23, 2017 motion to dismiss appellate court case number CAAP-16-0000724 for lack of appellate jurisdiction, (2) Defendant-Appellant DY's (DY) February 27, 2017 statement of jurisdiction in apparent opposition to EY's February 23, 2017 motion, and (3) the record of the proceedings in the underlying divorce case, it appears that we lack appellate jurisdiction over DY's appeal from the Honorable Edmund D. Acoba's April 29, 2016

post-judgment "Order Granting Attorney's Fees for De[f]endant's Violation of Paragraph 3(e) of the 2011 Order as Set Forth in Plaintiff's Motion [sic] Plaintiff's Motion and Affidavit for Order to Show Cause and Relief after Order and Decree Filed May 21, 2015" (the April 29, 2016 post-judgment order awarding attorneys' fees and costs).

The April 29, 2016 post-judgment order awarding attorneys' fees and costs was an independently appealable final post-judgment order under Hawaii Revised Statutes § 571-54 (2006). See Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001); Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003); Chun v. Board of Trustees, 106 Hawai'i 416, 428-29 n.12, 106 P.3d 339, 351-52 n.12 (2005). Nevertheless, DY did not file the October 26, 2016 notice of appeal within thirty days after entry of the April 29, 2016 post-judgment order awarding attorneys' fees and costs, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) required for a timely appeal.

DY contends in his statement of jurisdiction that this court should assume jurisdiction over the appeal because no one informed him that his May 13, 2016 motion for reconsideration was untimely under Hawai'i Family Court Rules (HFCR) Rule 59 or insufficient to invoke the tolling provision HRAP Rule 4(a)(3). DY's May 13, 2016 motion for reconsideration pursuant to HFCR Rule 59 of the April 29, 2016 post-judgment order awarding attorneys' fees and costs, however, was not filed within ten days after entry of the April 29, 2016 post-judgment order awarding

-2-

attorneys' fees and costs, as HFCR Rule 59(e) expressly required for a "timely" motion for reconsideration that would invoke the tolling provision in HRAP Rule 4(a)(3).[1] See HFCR Rule 59(e) ("[A] motion to reconsider, alter or amend a judgment or order is not required but may be filed no later than 10 days after the entry of the judgment or order[.]").  Consequently, DY did not invoke the tolling provision in HRAP Rule 4(a)(3), and the October 26, 2016 notice of appeal is untimely under HRAP Rule 4(a)(1) as to the April 29, 2016 post-judgment order awarding attorneys' fees and costs.

DY's failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise

---

[1]     Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure provides:

(3) Time to appeal affected by post-judgment motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion. The presiding court or agency in which the motion was filed shall dispose of any such post-judgment motion by entering an order upon the record within 90 days after the date the motion was filed. If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity. The time of appeal shall run from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.
The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.
The 90-day period shall be computed as provided in Rule 26 of these Rules.

(Emphases added).

-3-

of judicial discretion.  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Accordingly, IT IS HEREBY ORDERED that EY's February 23, 2017 motion to dismiss appellate court case number CAAP-16-0000724 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-16-0000724 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 19, 2017.

Presiding Judge

Associate Judge

Associate Judge

-4-